**BROWN KWON & LAM LLP**
William Brown, Esq. (WB6828)
521 Fifth Avenue, Suite 1744
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **WAGNER ALEXANDER MEDINA,** *on behalf of himself and others similarly situated*, <br><br> **Plaintiff,** <br><br> - against - <br><br> **RAYKELL FOOD CORP., d/b/a RAYKELL DELI & GROCERY, LAY DELI GROCERY INC., JONY FOOD CORP., d/b/a MAEBA GROCERY, MERCEDES FOOD MARKET INC., JOAQUIN CASTILLO and RAKIL CASTILLO.** <br><br> **Defendants.** | **Case No:** <br><br> **COLLECTIVE ACTION COMPLAINT** |

Plaintiff WAGNER ALEXANDER MEDINA ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Collective Action Complaint against Defendants, RAYKELL FOOD CORP., d/b/a RAYKELL DELI & GROCERY, LAY DELI GROCERY INC., JONY FOOD CORP., d/b/a MAEBA GROCERY, MERCEDES FOOD MARKET INC. (collectively, "Corporate Defendants"), JOAQUIN CASTILLO and RAKIL CASTILLO (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and allege as follows:

## INTRODUCTION

1.      Plaintiff brings this action on behalf of himself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff also brings this action pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, seeking from Defendants: (1) unpaid minimum wages (2) unpaid overtime wages, (3) unpaid spread-of-hours premiums, (4) stautory penalties, (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiff*

    *WAGNER ALEXANDER MEDINA*

7.    Plaintiff is an adult who resides in Bronx County, New York.

8.    Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

9.    Plaintiff retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and has agreed to pay the firm a reasonable fee for its services.

### *Defendants*

10.    At all relevant times, Defendants owned and operated at least four bodegas in New York City comprised of four corporate entities Raykell Food Corp., d/b/a Raykell Deli & Grocery, Lay Deli Grocery Inc., Jony Food Corp., d/b/a Maeba Grocery, and Mercedes Food Market Inc.

11.    At all relevant times, Defendants owned and operated Corporate Defendants as a single integrated enterprise. Specifically, Defendants had a common business purpose, shared common ownership and management, shared office and administrative staff, engaged in interrelated operations, and have centralized control of labor relations.

12.    At all relevant times, employees, including Plaintiff, and equipment were interchangeable and freely transferred among Corporate Defendants.

13.    At all relevant times, Corporate Defendants were operated under the same wage and hour policies established by Individual Defendants.

14.    At all relevant times, Defendants jointly employed Plaintiff and similarly situated employees.

15.     At all relevant times, each Defendant had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

16.     At all relevant times, Defendants were and continue to be employers within the meaning of the FLSA and NYLL.

### RAYKELL FOOD CORP.

17.     Corporate Defendant RAYKELL FOOD CORP., d/b/a RAYKELL DELI & GROCERY is a domestic business corporation organized under the laws of the State of New York with a principal place of business and address for service of process located at 80 West 183rd Street, Bronx, New York 10453.

18.     At all relevant times, RAYKELL FOOD CORP. had an annual dollar volume of sales in excess of $500,000.

19.     RAYKELL FOOD CORP. is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

20.     At all relevant times, RAYKELL FOOD CORP has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

21.     RAYKELL FOOD CORP applies the same employment policies, practices and procedures to all non-exempt employees.

### LAY DELI GROCERY INC.

22.     Corporate Defendant LAY DELI GROCERY INC. is a domestic business corporation organized under the laws of the State of New York, with a principal place of

business and an address for service of process located at 125 W. 165th Street, Bronx, New York 10452.

23.     At all relevant times, LAY DELI GROCERY INC. had an annual dollar volume of sales in excess of $500,000.

24.     LAY DELI GROCERY INC. is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

25.     At all relevant times, LAY DELI GROCERY INC. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

26.     LAY DELI GROCERY INC. applies the same employment policies, practices, and procedures to all non-exempt employees.

### *JONY FOOD CORP., d/b/a MAEBA GROCERY*

27.     Corporate Defendant JONY FOOD CORP., d/b/a MAEBA GROCERY is a domestic business corporation organized under the laws of the State of New York with a principal place of business and address for service of process located at 2487 University Avenue, Bronx, New York 10468.

28.     At all relevant times, JONY FOOD CORP. had an annual dollar volume of sales in excess of $500,000.

29.     JONY FOOD CORP. is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

30.     At all relevant times, JONY FOOD CORP has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

31.     JONY FOOD CORP applies the same employment policies, practices and procedures to all non-exempt employees.

### *MERCEDES FOOD MARKET INC.*

32.     Corporate Defendant MERCEDES FOOD MARKET INC is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 5 W Mosholu Parkway N., Bronx, New York 10467 and address for service of process located at c/o Manuel Vidal, 247 East 149th Street, Bronx, New York 10451.

33.     At all relevant times, MERCEDES FOOD MARKET INC. had an annual dollar volume of sales in excess of $500,000.

34.     MERCEDES FOOD MARKET INC. is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

35.     At all relevant times, MERCEDES FOOD MARKET INC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

36.     MERCEDES FOOD MARKET INC applies the same employment policies, practices and procedures to all non-exempt employees.

### *JOAQUIN CASTILLO*

37.     At all relevant times, Individual Defendant JOAQUIN CASTILLO has been an owner, operator and principal of Corporate Defendants.

38.     At all relevant times, JOAQUIN CASTILLO has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment.

39.     At all relevant times, JOAQUIN CASTILLO has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees.

40.     At all relevant times, JOAQUIN CASTILLO has had the power to maintain employment records, including time and/or wage records.

41.     At all relevant times, JOAQUIN CASTILLO has been actively involved in managing the day to day operations of Corporate Defendants.

42.     At all relevant times, JOAQUIN CASTILLO has had authority over personnel or payroll decisions and employment policies, practices and procedures.

43.     At all relevant times, JOAQUIN CASTILLO has had the power to prevent or stop any unlawful pay practices that harmed Plaintiff and similarly situated employees.

44.     JOAQUIN CASTILLO is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

**RAKIL CASTILLO**

45.     At all relevant times, Individual Defendant RAKIL CASTILLO and has been an owner and operator of Corporate Defendants.

46.     At all relevant times, RAKIL CASTILLO has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment.

47.     At all relevant times, RAKIL CASTILLO has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees.

48.     At all relevant times, RAKIL CASTILLO has had the power to maintain employment records, including time and/or wage records.

49.     At all relevant times, RAKIL CASTILLO has been actively involved in managing the day to day operations of Corporate Defendants.

50.     At all relevant times, RAKIL CASTILLO has had authority over personnel or payroll decisions and employment policies, practices and procedures.

51.     At all relevant times, RAKIL CASTILLO has had the power to prevent or stop any unlawful pay practices that harmed Plaintiff and similarly situated employees.

52.     RAKIL CASTILLO is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

53.     Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of himself and all similarly situated current non-exempt employees employed by Defendants from the date that is six (6) years prior to the filing of the initial Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

54.     At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and

FLSA Collective Members the full minimum wage for all hours worked up to forty (40) per workweek, and overtime wages for all hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

55.     All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

56.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

57.     For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

**STATEMENT OF FACTS**

58.     Plaintiff was employed by Defendants in various roles and positions, from on or around February 1, 2018, until the termination of his employment on or around December 16, 2020.

59.     During the course of his employment with Defendants, Plaintiff worked at four of Defendants' bodega locations; Raykell Deli & Grocery, located at 80 West 183rd Street, Bronx, New York 10453, Maeba Grocery located at 2487 University Avenue, Bronx, New York 10468, Lay Deli Grocery, Inc., located at 125 W. 165th Street, Bronx, New York 10452 (hereinafter "Lay Deli"), and Mercedes Food Market, Inc., located at 5 W Mosholu Parkway N., Bronx, New York 10467 (hereinafter, "Mercedes Food Market").

60.     From on or around February 1, 2018, through July 2018, Plaintiff worked at Raykell Deli & Grocery in the deli station.  During this period, Plaintiff worked six days per

week from 3:00 p.m. to 12:00 a.m., without any breaks.  Thus Plaintiff worked at least sixty-three (63) hours per week.

61.     Around August 2018, Plaintiff was transferred to work as a cashier at Lay Deli. Plaintiff worked at Lay Deli from around August 2018 through October 2019.  During this period, Plaintiff worked seven (7) days per week from 3:30 p.m. until closing, which was usually between 12:30 a.m. to 3:30 a.m.  Thus, during this period, Plaintiff worked between sixty-three (63) hours and eighty-four (84) hours per week.

62.     Starting around November 2019, until around January 2020, Plaintiff was required to work at both Lay Deli and Maeba Grocery.  During this period, Plaintiff worked seven days per week, and would work at Maeba Deli from around 6:00 a.m. to 3:00 p.m. then would travel to Lay Deli, and continue working, without any breaks until at least 12:00 a.m. Thus during this period Plaintiff worked around one hundred and twenty-six (126) hours per week.

63.     Thereafter, for three weeks in February 2020, Plaintiff worked at Mercedes Food Market.  During this period, Plaintiff worked seven (7) days per week, from 7:00 a.m. to 3:00 p.m., without any breaks, for a total of around fifty-six (56) hours per week.

64.     From around February 2020 until the termination of his employment on or around December 16, 2020, Plaintiff went back to work at Raykell Deli & Grocery.  During this period, Plaintiff worked seven days per week from 3:00 p.m. to 12:00 a.m. for a total of sixty-three (63) hours per week.

65.     Throughout Plaintiff's employment, he was paid a fixed weekly salary of $720, in cash, regardless of actual hours worked.  Plaintiff was not paid any overtime premiums for hours

10

worked in excess of forty per week.  There was never any understanding between Plaintiff and Defendants that Plaintiff's pay was intended to include overtime premiums.

66.     Due to the extreme hours Plaintiff was required to work, for much of his employment, Plaintiff's weekly pay was insufficient to meet the minimum wage requirements under the FLSA and NYLL.

67.     Defendant did not utilize a punch clock or any other any means of accurately recording Plaintiff's hours worked.

68.     Throughout his employment with Defendants, Plaintiff was never paid the spread-of-hours premium for workdays that exceeded ten (10) hours per day.

69.     Throughout his employment with Defendants, Plaintiff did not receive any notices of pay rate or pay day from Defendants, as required under the NYLL.

70.     Throughout his employment with Defendants, Plaintiff did not receive proper wage statements from Defendants, as required under the NYLL.

71.     Based on Plaintiff's observations and conversations with his co-workers, Plaintiff and FLSA Collective Members were subject to the same unlawful wage and hour policies.

72.     Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiff and FLSA Collective Members in violation of the FLSA and NYLL.

73.     Defendants knowingly and willfully operated their business with a policy of failing to pay overtime wages to Plaintiff and FLSA Collective Members for all hours worked in excess of forty hours in violation of the FLSA and NYLL.

74.     Defendants knowingly and willfully operated their business with a policy of failing to pay the spread-of-hours premium to Plaintiff in violation of the NYLL.

75.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff pursuant to the requirements of the NYLL.

76.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff pursuant to the requirements of the NYLL.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

77.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

79.     Defendants failed to pay Plaintiff and FLSA Collective Members the lawful federal minimum wage, to which they are entitled under the FLSA.

80.     Defendants failed to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

81.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

82.     Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members overtime wages for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good

faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

83.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

84.     As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

85.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

86.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.     At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

88.     Defendants failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) per week, to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

89.     Defendants have failed to pay Plaintiff spread-of-hours premium for each day that the length of the interval between the beginning and end of their workday was greater than ten (10) hours.

90.     Defendants failed to furnish Plaintiff with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

91.     Defendants failed to furnish Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

92.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff as required by the NYLL and the supporting New York State Department of Labor Regulations.

93.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the NYLL and the supporting New York State Department of Labor Regulations.

94.     As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, unpaid minimum wages, unpaid spread-of-hours premium, liquidated damages, easonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Members respectfully requests that this Court grant the following relief:

a. Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b. An award of unpaid overtime wages due under the FLSA and NYLL;

c. An award of unpaid minimum wage due under the FLSA and NYLL;

d. An award of unpaid spread-of-hours premium due under the NYLL;

e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime; minimum wage; and spread-of-hours premiums pursuant to the FLSA or NYLL;

f. Statutory penalties for Defendants' failure to provide Plaintiff with proper wage notices, as required by the NYLL;

g. Statutory penalties for Defendants' failure to provide Plaintiff with proper wage statements, as required by the NYLL;

h. Pre-judgment and post-judgment interest;

i. Reasonable attorneys' fees and costs of this action;

j. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

k. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  January 15, 2021                    Respectfully submitted,

                                            **BROWN, KWON & LAM LLP**

                              By:      _/s/ William Brown_____

                                            William Brown, Esq. (WB6828)
                                            521 Fifth Avenue, Suite 1744
                                            New York, NY 10175
                                            Tel.: (718) 971-0326
                                            Fax: (718) 795-1642
                                            wbrown@bkllawyers.com
                                            _Attorneys for Plaintiff_

16

DocuSign Envelope ID: 4CB30F1A-67D2-4CE6-9014-C3EB03E83A65

## <u>CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT</u>

I, WAGNER ALEXANDER MEDINA hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against RAYKELL FOOD CORP, LAY DELI GROCERY INC., JONY FOOD CORP., MERCEDES GROCERY CORP., JOAQUIN CASTILLO, RAKIL CASTILLO and/or related entities and individuals to recover unpaid wages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act.

DocuSigned by:

Alexander

DAA460D42804464...

_____

Name: WAGNER ALEXANDER MEDINA

Date: _____12/21/2020

17