**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
Email: info@bkllawyers.com

April 23, 2021

**Via ECF and Electronic Mail**
Hon. J. Paul Oetken, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      RE:   *Medina v. Raykell Food Corp., et al.*
              Case No. 1:21-cv-00398(JPO)

Dear Judge Oetken:

      This firm represents Plaintiff Wagner Alexander Medina in the above-referenced matter. We write to respectfully request judicial approval of the parties' settlement agreement, attached hereto as **Exhibit 1** (the "Agreement"), pursuant to *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015). The Agreement resolves Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for the total amount of $80,000.00. As part of this motion, Plaintiff's counsel requests $25,000.00, which is inclusive of (i) $452.00 for the reimbursement of costs and (ii) attorneys' fees of $24,548.00 (i.e., 30.9% of the total settlement amount after costs). For the reasons outlined below, the Court should approve this $80,000.00 settlement as a fair and reasonable compromise of Plaintiff's claims against Defendants.

## BACKGROUND

      On January 20, 2021, Plaintiff commenced this action, alleging that Defendants failed to pay Plaintiff all due overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The Complaint additionally alleges violations of the NYLL for unpaid regular wages, and statutory damages for failure to provide wage notices and proper wage statements. See Plaintiff's Complaint (ECF Dkt. No. 1).

      Following extensive arms-length negotiations, the parties' entered into a formal settlement agreement which was fully executed on April 16, 2021. See **Exhibit 1**. Although this lawsuit was initiated as a putative collective action, a collective action was never conditionally certified and there were no opt-in plaintiffs in this action. Accordingly, the proposed Agreement is limited to the release of Plaintiff Wagner Alexander Medina's individual wage claims, and does not release any claims of the putative collective or class members.

## THE SETTLEMENT IS FAIR AND REASONABLE

      Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Generally, there is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the

reasonableness of an FLSA settlement." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp.*, No. 17 Civ. 6011, 2019 US Dist LEXIS 20963, at *13 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks omitted).

Accordingly, in determining whether a proposed FLSA settlement is fair and reasonable, courts consider the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335. Based on these factors, the proposed settlement should be approved as fair and reasonable.

### A. Plaintiff's Range of Possible Recovery

The first factor weighs in favor of approval. Assuming a best-case scenario, that all of the disputed facts alleged by Plaintiff are entirely correct, Plaintiff's calculation of damages amounts to: $241,120.00, representing $115,560.00 in unpaid wages, $115,560.00 in liquidated damages and $10,000 in statutory penalties. See **Exhibit 2** for Plaintiff's assumptions and calculation of damages. The $80,000 settlement therefore amounts to a significant recovery, 69.23% of Plaintiff's best-case, unliquidated, owed wages. Particularly in light of the litigation risks discussed below, this settlement recovery is a fair and reasonable result.

### B. Litigation Costs and Risks

The second and third factors also favor approval. If the parties were to continue litigation, the parties would need to conduct full discovery, including production of documents and depositions of all parties, including corporate representatives for Defendants. Moreover, this would require extensive legal briefing from both sides. As such, further litigation would require significant time and expense. In addition, both sides face serious litigation risks relating to damages and liability.

Defendants vehemently dispute the hours Plaintiff claims he worked. The damage calculations assume, for example, that between August 1, 2018 and October, 2019, Plaintiff worked upwards of 77 hours per week, and that for a number of weeks, Plaintiff worked as many as 126 hours in a single week. Should the case proceed, Defendants argue that the hours indicated in the Complaint are excessive, and claim to have significant testimonial and documentary evidence to refute the hours Plaintiff claims he worked. Finally, even if Plaintiff were to prevail on all of his claims, Defendants state that based on their current financial situation, Plaintiff would be unable to fully collect on such a judgment.

Accordingly, Plaintiff believes it to be in his best interest to receive an expedient settlement payment rather than escalate the costs, burdens, and risks of further litigation and trial. Plaintiff believes that the settlement amount is a fair result, accounting for a significant percentage of the alleged back wages owed, while eliminating the burdens and risks of trial.

### C. Arm's-Length Bargaining and Lack of Fraud or Collusion

The fourth and fifth factors also weigh in favor of approval. Plaintiff's counsel and Defendants' counsel have negotiated at arm's length over the course of a number of weeks. In addition, both parties' counsel have significant experience handling wage and hour claims. Moreover, the settlement is the product of arm's-length bargaining as the settlement amount represents a significant percentage of Plaintiff's potential recovery – 69.23% of his estimated unpaid wages under the best-case scenario.

Further, the red-flag issues identified in *Cheeks* are not present here. The Agreement does *not* contain an overly broad general release, or a confidentiality or non-disparagement provision that applies to Plaintiff. See **Exhibit 1**. Moreover, as will be discussed below, Plaintiff's counsel's requested attorneys' fees are not excessive as they seek less than one-third of the settlement, which is frequently approved in FLSA cases.

Based on the foregoing, there is no evidence of fraud or collusion. Therefore, Plaintiff respectfully requests that the Court find that the Agreement is a "fair and reasonable" compromise of his FLSA claims against Defendants and approve the settlement.

### **THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE**

Plaintiff further seeks approval of attorneys' fees and costs. The Agreement provides that Plaintiff's counsel will recover $25,000.00 equaling (i) $452.00 in costs (i.e., ECF filing fee and process server fees) and (ii) $24,548.00 in attorneys' fees, which is less than one-third of the $80,000.00 settlement amount. See **Exhibit 1**, Section 1.c. The amount requested for attorneys' fees is fair and reasonable as it less than the fee agreed upon by Plaintiff in his retainer agreement (one-third), and a contingency fee of one-third is generally sufficient to account for the risks associated with representation.

Plaintiff's counsel has worked without any compensation to date, and Plaintiff's counsel's fees have been wholly contingent upon the result achieved. As of the date of this filing, Plaintiff's counsel has spent approximately 37.0 hours investigating, researching, and litigating Plaintiff's claims, and negotiating and preparing the settlement, for a lodestar of $ 14,800.00. See **Exhibit 3** for Plaintiff's counsel's contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done, and an itemization of costs. *See Wolinsky*, 900 F. Supp. at 336.

Plaintiff's counsel's request for attorneys' fees of less than one-third of the settlement amount is fair and reasonable. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, at *5 (S.D.N.Y. Dec. 14, 2015); *see also Ramirez v. Greenside Corp.*, No. 16 Civ. 726, 2017 U.S. Dist. LEXIS 30527, at *9 (S.D.N.Y. Mar. 3, 2017) (stating "contingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Leon v. Univ. 45 Fruit & Vegetable Corp.*, No. 19 Civ. 8266, 2020 U.S. Dist. LEXIS 48716, at *5 (S.D.N.Y. Mar. 20, 2020) (finding the amount of the fee award reasonable where "the attorneys' fees amount is approximately 33% of the [ ] settlement amount after costs").

Lastly, Plaintiff's counsel expended $452.00 on the ECF filing fee and process server fee. This cost is commonly reimbursed by courts in this District. *See e.g.*, *Chamoro v. 293 3rd Cafe*

*Inc.*, No. 16 Civ. 339, 2016 U.S. Dist. LEXIS 136101, at *9-10 (S.D.N.Y. Sep. 30, 2016) (holding that court filing fees, service of process, costs of mailing, legal research, and other litigation costs are generally recoverable). As such, Plaintiff's counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court.

*   *   *

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the attached settlement agreement. We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ William Brown*

William Brown, Esq.
wbrown@bkllawyers.com

cc: all parties via ECF

4