# Exhibit 1

# WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Wagner Alexander Medina ("Plaintiff"), and Raykell Food Corp., Lay Deli Grocery Inc., Jony Food Corp., Mercedes Food Market Inc., Joaquin Castillo, and Rakil Castillo (collectively, "Defendants"). Plaintiff and Defendants are collectively referred to herein as the "Parties."

## RECITALS AND BACKGROUND

WHEREAS, Plaintiff was employed by Defendants from on or around February 1, 2018 until on or around December 16, 2020;

WHEREAS, on January 15, 2021, Plaintiff filed a Class and Collective Action Complaint against Defendants in the United States District Court, Southern District of New York, captioned *Wagner Alexander Medina. v. Raykell Food Corp., d/b/a Raykell Deli & Grocery, et al.*, Case No. 21 Civ. 398 (JPO) (hereinafter, "Lawsuit"), alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL") alleging failure to pay minimum wages and overtime and violations of the New York Wage Theft Prevention Act;

WHEREAS, Defendants have denied and continue to deny all allegations made by Plaintiff in the Lawsuit, and have denied and continue to deny any and all liability and damages to Plaintiff or anyone else with respect to the alleged facts or causes of action asserted in the Lawsuit and deny any and all violations of federal and state wage and hour, wage payment and overtime laws.

WHEREAS, the Parties mutually desire to amicably resolve any and all disputes and controversies between them, including all FLSA and NYLL claims asserted in the Lawsuit, to avoid the burden, expense and uncertainty of continuing litigation;

WHEREAS, the Parties have reached an agreement to settle all of Plaintiff's claims under the FLSA and NYLL;

NOW THEREFORE, IT IS HEREBY AGREED, in consideration of the mutual covenants and promises set forth below, the Parties agree as follows:

1. **Consideration**. In consideration of the promises set forth in this Agreement, Defendants agree to pay the total gross sum of Eighty Thousand and Zero Cents ($80,000.00) (the "Settlement Amount"), which will be paid as follows:

    a. Payable to Wagner Alexander Medina, Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) and for which Defendants will issue an IRS Form 1099 to Plaintiff.

    b. Payable to Brown Kwon & Lam, LLP for attorneys' fees and costs, Twenty-Five Thousand Dollars and Zero Cents ($25,000.00), and for which Defendants will issue an IRS Form 1099 to Brown Kwon & Lam, LLP.

## WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE

2. **Time and Method of Delivery for Settlement Payments**.

   a. Within ten (10) days following execution of this Agreement, Defendants shall deliver, via Regular Mail addressed to Brown Kwon & Lam, LLP, 521 5th Avenue, 17th Floor, New York, NY 10175, one check in the amount of $16,666.67 payable to Wagner Alexander Medina, and one check in the amount of $8,333.33 payable to Brown Kwon & Lam, LLP.

   b. On or before May 15, 2021, Defendants shall deliver, via Regular Mail addressed to Brown Kwon & Lam, LLP, 521 5th Avenue, 17th Floor, New York, NY 10175, one check in the amount of $6,111.11 payable to Wagner Alexander Medina, and one check in the amount of $3,055.55 payable to Brown Kwon & Lam, LLP.

   c. On or before June 15, 2021, Defendants shall deliver, via Regular Mail addressed to Brown Kwon & Lam, LLP, 521 5th Avenue, 17th Floor, New York, NY 10175, one check in the amount of $6,111.11 payable to Wagner Alexander Medina, and one check in the amount of $3,055.55 payable to Brown Kwon & Lam, LLP.

   d. On or before July 15, 2021, Defendants shall deliver, via Regular Mail addressed to Brown Kwon & Lam, LLP, 521 5th Avenue, 17th Floor, New York, NY 10175, one check in the amount of $6,111.11 payable to Wagner Alexander Medina, and one check in the amount of $3,055.55 payable to Brown Kwon & Lam, LLP.

   e. On or before August 15, 2021, Defendants shall deliver, via Regular Mail addressed to Brown Kwon & Lam, LLP, 521 5th Avenue, 17th Floor, New York, NY 10175, one check in the amount of $6,111.11 payable to Wagner Alexander Medina, and one check in the amount of $3,055.55 payable to Brown Kwon & Lam, LLP.

   f. On or before September 15, 2021, Defendants shall deliver, via Regular Mail addressed to Brown Kwon & Lam, LLP, 521 5th Avenue, 17th Floor, New York, NY 10175, one check in the amount of $6,111.11 payable to Wagner Alexander Medina, and one check in the amount of $3,055.55 payable to Brown Kwon & Lam, LLP.

   g. On or before October 15, 2021, Defendants shall deliver, via Regular Mail addressed to Brown Kwon & Lam, LLP, 521 5th Avenue, 17th Floor, New York, NY 10175, one check in the amount of $7,777.78 payable to Wagner Alexander Medina, and one check in the amount of $1,388.92 payable to Brown Kwon & Lam, LLP.

If the Court has not yet approved the settlement reached in this Agreement before the dates identified above, then Brown Kwon & Lam, LLP shall hold all such payments in escrow pending judicial approval. In the event the Court makes a final determination rejecting the settlement in its entirety or the wage and hour release contained herein, then within ten (10) days of such determination, Brown Kwon & Lam, LLP shall return all payments to Defendants' counsel, Jeffrey Schwartz, Esq.

## WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE

3. **Default**. If the Settlement Amount is not received by Brown Kwon & Lam, LLP within the time frame set forth in Paragraph 2, Plaintiff may file the Confession of Judgment, attached hereto as Exhibit 1, in the amount of $100,000.00, less amounts already paid under this Agreement. To the extent that the Defendants do not default, Brown Kwon & Lam, LLP shall keep the Confession of Judgment in escrow, which shall be promptly destroyed following receipt of the entire Settlement Amount.

4. **Stipulation of Dismissal**. Following the Court's approval of the settlement, Plaintiff shall be responsible for promptly filing a fully executed Stipulation of Dismissal dismissing the Lawsuit with prejudice and without costs or attorneys' fees against either Party.

5. **Taxes**. Plaintiff acknowledges that he is responsible for paying any taxes due on any of the Settlement Amount from which Defendants did not take deductions or withholdings. Plaintiff further acknowledges that neither Defendants nor their agents have provided any advice concerning the taxability of the amounts to be paid under this Agreement. Plaintiff and Brown Kwon & Lam, LLP agree to provide completed IRS Forms W-9 to Defendants.

6. **Release of Claims**. In consideration of the sums and covenants set forth in this Agreement, Plaintiff hereby releases, waives and forever discharges Defendants, including their representatives, affiliates, present and former officers, agents, members, shareholders, directors, trustees, insurers, and each and every one of their heirs, executors, administrators, successors and assigns, from all wage-related claims, demands, causes of action, charges and liabilities of any kind, whether known or unknown, asserted or unasserted, that Plaintiff ever had, now has or hereafter may have against Defendants, up to and including the date of the execution of this Agreement, which arise under any of the following provisions: Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.*,; New York Labor Law, including the New York Wage Orders and New York Wage Theft Prevention Act; and any other federal, state, or local law concerning payment or reporting of wages ("Released Claims").

7. **No Admission of Liability**. Defendants deny all allegations of wrongdoing against Plaintiff, and Plaintiff agrees and acknowledges that this Agreement is not, and shall not be construed to be, nor shall Plaintiff allege it to be, an admission of any liability or wrongdoing by any Defendant.

8. **Neutral Reference and Non-Disparagement**. If Defendants are contacted by anyone requesting a reference or information about Plaintiff's employment, Defendants agree to provide a neutral reference, namely, Plaintiff's position and dates of employment. Defendants further agree not to make any disparaging, adverse, and/or negative statements or comments that could impugn the personal reputation, or professional status or standing Plaintiff, or any statements made with the intent of preventing Plaintiff from obtaining or maintaining future employment. Defendants will also direct its employees not to make any disparaging or defamatory comments regarding Plaintiff and not to encourage or induce other employees to make any disparaging or defamatory comments. To the extent that Defendants made any comments during the course of this litigation with the intent of preventing Plaintiff from obtaining employment, Defendants will exercise best efforts to retract such statements.

## WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE

9. **Cooperation**. The Parties agree to cooperate and take all reasonable steps necessary and appropriate to obtain judicial approval of this Agreement, to effectuate and ensure the enforceability of all aspects of this Agreement.

10. **Enforcement**. If any Party petitions any court or tribunal of competent jurisdiction to enforce or determine breach of the Agreement, the prevailing Party in such proceeding shall be entitled to recover their costs of litigation and all of their reasonable attorneys' fees, as well as reasonable fees and costs incurred to enforce and/or collect any amounts or judgment obtained as to any breaching Party.

11. **Governing Law**. This Agreement and the rights and obligations of the Parties hereunder shall be construed, interpreted and enforced in accordance with the laws of the United States and the State of New York, without regard to its conflict of laws provision.

12. **Jurisdiction and Venue**. The United States District Court, Southern District of New York shall retain jurisdiction over this action to enforce the settlement.

13. **Integration/Modification**. This Agreement constitutes the entire agreement between Plaintiff and Defendants with respect to the Released Claims. The Agreement supersedes all prior negotiations and agreements, whether written or oral, concerning the Released Claims. The Parties acknowledge that no promise, representation or warranty whatsoever, express or implied, written or oral, have been made by the Parties regarding the Released Claims, other than the express written representations in this Agreement. The Parties agree that the Agreement may not be altered, amended, modified, or otherwise changed in any respect except by another written agreement signed by the Parties hereto.

14. **No Waiver**. The Parties agree that the failure of either Party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed a waiver or relinquishment thereof, and the Agreement shall continue in full force and effect notwithstanding the non-enforcement of any one of its provisions.

15. **Severability**. If any provision or subpart of this Agreement is deemed unenforceable or invalid by any court of competent jurisdiction, those provisions shall be severed such that the remainder of the Agreement shall remain in full force and effect.

16. **Headings**. The headings and titles of the paragraphs contained herein shall not have any meaning except as to provide guidance.

17. **Signatures in Counterparts**. This Agreement may be executed in counterparts and each counterpart when executed, shall have the efficacy of a signed original; but such counterparts shall together constitute one and the same document. The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology and shall be deemed as effective as original signatures.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed, or caused their duly authorized officer to execute, this Agreement as of the date set forth below.

## WAGNER AND HOUR SETTLEMENT AGREEMENT AND RELEASE

ACCEPTED AND AGREED TO BY:

Dated: 4/14/2021

_Alexander_ (DocuSigned)
WAGNER ALEXANDER MEDINA

RAYKELL FOOD CORP.

Dated: 4-16-2021

By: _Yeury Castillo_
Title: President

LAY DELI GROCERY INC.

Dated: 4-16-2021

By: _Yeury Castillo_
Title: President

JONY FOOD CORP.

Dated: 4-16-2021

By: _Yeury Castillo_
Title: President

MERCEDES FOOD MARKET INC.

Dated: 4-16-2021

By: _Yeury Castillo_
Title: President

Dated: _____

WAGE AND HOUR SETTLEMENT AGREEMENT AND RELEASE

Dated: April 16, 2021

_____
JOAQUIN CASTILLO

Dated: 4-16-2021

_____
RAKIL CASTILLO